IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-407-M-BM

| | | |
|---|---|---|
| JOE HENRY SNOW, JR., Plaintiff, | ) | |
| v. | ) | **MEMORANDUM AND RECOMMENDATION** |
| FRANK BISIGNANO, Commissioner of Social Security, Defendant. | ) | |

Plaintiff Joe Henry Snow, Jr. ("Plaintiff" or, in context, "Claimant") filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the denial of his application for a period of disability and disability insurance benefits ("DIB"). This matter is before the court on Plaintiff's brief [DE-9] ("Pl.'s Brief") seeking judgment in his favor, Defendant's responsive brief [DE-11] ("Def.'s Brief") in opposition, and Plaintiff's reply brief [DE-13] ("Pl.'s Reply"). The parties have fully briefed this matter pursuant to the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), and this case is ripe for adjudication. The briefs were referred to the undersigned magistrate judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1). Having reviewed and considered the record, the administrative transcript, the briefs submitted by the parties, and the applicable law, it is recommended that Plaintiff's Brief [DE-9] be allowed, Defendant's Brief [DE-11] be denied, and the case be remanded to the Commissioner for further proceedings consistent with the Memorandum and Recommendation.

## I. STATEMENT OF THE CASE

Plaintiff protectively filed an application for a period of disability and DIB on April 25,

2023, alleging disability beginning January 1, 2022. Transcript of Proceedings ("Tr.") 61, 200-06. His claim was denied initially. Tr. 57-61, 72-76. Plaintiff filed a request for reconsideration (Tr. 77), and was denied upon reconsideration on September 11, 2024 (Tr. 62-66, 78-81). On October 14, 2024, Plaintiff requested a hearing before the Administrative Law Judge ("ALJ"). Tr. 84-85. A hearing before the ALJ was held on March 26, 2025, at which Plaintiff, represented by counsel, and a vocational expert ("VE") appeared and testified. Tr. 24-38. On April 16, 2025, the ALJ issued a decision denying Plaintiff's request for benefits. Tr. 11-23.

On May 6, 2025, Plaintiff requested a review of the ALJ's decision by the Appeals Council. Tr. 161-63. On May 12, 2025, the Appeals Council denied Plaintiff's request for review. Tr. 1-6. Plaintiff then filed a complaint in this court seeking review of the now-final administrative decision.

## II. STANDARD OF REVIEW

The scope of judicial review of a final agency decision regarding disability benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting

evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), *superseded by regulation on other grounds*, 20 C.F.R. § 416.927(d)(2)). Rather, in conducting the "substantial evidence" inquiry, the court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

## III. DISABILITY EVALUATION PROCESS

The disability determination is based on a five-step sequential evaluation process as set forth in 20 C.F.R. § 404.1520 under which the ALJ is to evaluate a claim:

> The claimant (1) must not be engaged in "substantial gainful activity ["SGA"]," i.e., currently working; and (2) must have a "severe" impairment that (3) meets or exceeds [in severity] the "listings" of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity ["RFC"] to (4) perform . . . past work or (5) any other work.

*Albright v. Comm'r of the Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Id.* At the fifth step, the burden shifts to the ALJ to show that other work exists in the national economy which the claimant can perform. *Id.*

When assessing the severity of mental impairments, the ALJ must do so in accordance with the "special technique" described in 20 C.F.R. §§ 404.1520a(b)-(c). This regulatory scheme

identifies four broad functional areas in which the ALJ rates the degree of functional limitation resulting from a claimant's mental impairment(s): understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.* § 404.1520a(c)(3). The ALJ is required to incorporate into his written decision pertinent findings and conclusions based on the "special technique." *Id.* § 404.1520a(e)(4).

## IV. ALJ'S FINDINGS

Applying the above-described sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Act. Tr. 20. At step one, the ALJ determined Plaintiff had not engaged in substantial gainful employment since January 1, 2022, the alleged onset date. Tr. 16.

Next, at step two, the ALJ determined Plaintiff had the following severe impairments: neck pain status post fusion surgery and pes planus (flat feet). Tr. 16. However, at step three, the ALJ concluded these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 17.

Prior to proceeding to step four, the ALJ assessed Plaintiff's RFC, finding Plaintiff had the ability to perform medium work[1] with the following limitations:

---

[1] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If an individual can perform light work, he or she can also perform sedentary work, unless there are additional limiting factors such as the loss of fine dexterity or the inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and

> he can frequently push/pull or use hand controls with the bilateral upper extremities due to cervical radiculopathy; frequently push/pull or operate foot controls with the right lower extremity due to pes planus/foot pain; frequently reach overhead with the bilateral upper extremities due to neck pain and radiculopathy; and occasionally reach overhead with the bilateral upper extremities due to cervical radiculopathy.

Tr. 17.

In making this assessment, the ALJ found Plaintiff's statements about his limitations not entirely consistent with the medical evidence and other evidence in the record. Tr. 18.

At step four, the ALJ concluded Plaintiff did not have any past relevant work. Tr. 19. Nonetheless, at step five, upon considering Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs that exist in significant numbers in the national economy that the Plaintiff could have performed. Tr. 19-20.

## V. OVERVIEW OF PLAINTIFF'S CONTENTIONS

In this case, Plaintiff alleges the ALJ erred by: (1) failing to resolve a conflict between the Dictionary of Occupational Titles ("DOT") and the VE's testimony regarding the impact of plaintiff's limitations in reaching overhead (Pl.'s Brief [DE-9] at 2); and (2) failing to develop the record by obtaining medical opinion evidence (*id.* at 6).[2] Each will be discussed below.

## VI. DISCUSSION

### A. Conflict between the VE testimony and the DOT

Plaintiff alleges that pursuant to S.S.R. 00-4p, the ALJ failed to resolve a conflict between the DOT and the VE's testimony as to the impact of Plaintiff's admitted limitations in reaching

---

standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a); S.S.R. 96-9p, 1996 WL 374185, at *3 (July 2, 1996). "Occasionally" generally totals no more than about 2 hours of an 8-hour workday. S.S.R. 96-9p, 1996 WL 374185, at *3. "Sitting" generally totals about 6 hours of an 8-hour workday. *Id.* A full range of sedentary work includes all or substantially all of the approximately 200 unskilled sedentary occupations administratively noticed in 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 1. *Id.*

[2] Except for citations to the Transcript of Proceedings ("Tr."), all citations to documents using the docket entry number [DE-] provided in the court's docket will specify the page number automatically assigned by the CM/ECF system, rather than the page number, if any, specified in the original document.

overhead. Pl.'s Brief [DE-9] at 2.

The Commissioner argues that "[u]nder the deferential substantial evidence standard of review, this Court should affirm the [ALJ's] decision that Plaintiff did not satisfy his burden to establish functional limitations that prevented him from performing some work existing in the national economy." Def.'s Brief [DE-11] at 1. The Commissioner argues S.S.R. 00-4p was rescinded and replaced by S.S.R. 24-3p, which does not require the ALJ to reconcile differences between the VE's testimony and the DOT. *See id.* at 7-8.

On January 6, 2025, the Social Security Administration rescinded S.S.R. 00-4p and replaced it with S.S.R. 24-3p: Titles II and XVI: Use of Occupational Information and Vocational Specialist and Vocational Expert Evidence in Disability Determinations and Decisions. *See* S.S.R. 24-3p, 2024 WL 5256890 (Dec. 6, 2024). The effective date of S.S.R. 24-3p was also January 6, 2025. *Id.* S.S.R. 00-4p required the ALJ to identify and obtain a reasonable explanation for apparent conflicts between the testimony of the VE and the DOT, including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles ("SCO"). *See* S.S.R. 00-4p, 2000 WL 1898704 (Dec. 4, 2000). S.S.R. 24-3p no longer requires an ALJ to "identify and resolve conflicts between" VE testimony and the DOT. S.S.R. 24-3p, 2024 WL 5256890, at *2. S.S.R. 24-3p requires VEs to "identify the sources of the data they use and . . . explain their general approach to estimating job numbers." *Id.* at *4. As summarized by another court in this circuit:

> If a VE's source "defines exertion, education, or skill levels differently than [the SSA's] regulations," the VE must "explain the difference." In the event that the VE does not do so, the ALJ must develop a record upon which the ALJ's findings are properly supported in the five-step sequential process. Ultimately, and at issue here, SSR 24-3p expects representatives at a claimant's hearing to "raise any relevant questions or challenges about the VE's testimony at the time of the hearing and to assist in developing the record through appropriate questions to the VE."

*Lisa W. v. Bisignano*, 2026 WL 2024675, at *5 (D. Md. July 14, 2026) (internal citations omitted).

Plaintiff contends S.S.R. 00-4p still applies because Plaintiff's application for disability benefits was filed on April 25, 2023, before the effective date. Pl.'s Reply [DE-13] at 4. S.S.R. 24-3p explains "[w]e will use this SSR beginning on its applicable date." 2024 WL 5256890, at *2 n.1. S.S.R. 24-3p further notes "[w]e will apply this SSR to new applications filed on or after the applicable date of the SSR and to claims that are pending on or after the applicable date" and "[t]his means that we will use this SSR on and after its applicable date in any case in which we make a determination or decision." *Id.*

Plaintiff cites *Murphy v. Bisignano* in support of the proposition that S.S.R. 24-3p does not apply to claims filed prior to its effective date. [DE-13] at 4-5 (citing *Murphy v. Bisignano*, 2025 WL 2427623, at *1 (9th Cir. Aug. 22, 2025)). That case is inapposite to the situation here. The Ninth Circuit in *Murphy* issued its decision on August 22, 2025, after S.S.R. 24-3p's effective date. *See* 2025 U.S. App. LEXIS 21534 (9th Cir. Aug. 22, 2025). Yet the district court issued its decision on July 16, 2024, before S.S.R. 24-3p's effective date, noting that "[a]fter a hearing held on June 22, 2022, an [ALJ] determined plaintiff was not disabled." *Dawn M. v. Comm'r of Soc. Sec.*, No. 2:23-cv-01285-JR, 2024 LX 193662, at *1 (D. Or. July 16, 2024). Accordingly, the ALJ in the underlying matter issued a final decision before S.S.R. 24-3p's effective date, under the then effective S.S.R. 00-4p. *See id.* The Ninth Circuit, in reviewing the district court's decision, therefore also applied the S.S.R. that was effective at the time of the ALJ's decision. *See generally Murphy*, 2025 U.S. App. LEXIS 21534 (9th Cir. Aug. 22, 2025).

Here, the ALJ issued her decision on April 16, 2025, after S.S.R. 24-3p became effective. *See* Tr. 20. In his reply, Plaintiff appears to assert a new theory barring the application of S.S.R.

24-3p to his claim, namely that the "SSA cannot retroactively apply a more restrictive Ruling which only came into existence after the claimant had already filed his disability application." Pl.'s Reply [DE-13] at 4 ("Absent express Congressional authority to do so, SSA may not promulgate retroactive rules."). Yet as Plaintiff correctly points out elsewhere in his reply, "a reviewing court will generally not address arguments that were not raised in a party's opening brief." *Id.* at 2 (citing *Hunt v. Nuth*, 57 F.3d 1327, 1338 (4th Cir. 1995)); *see also Swiecichowski v. Dudek*, 133 F.4th 751, 756 (7th Cir. 2025) ("[A]rguments raised for the first time in reply are waived.") (citing *Mendez v. Perla Dental*, 646 F.3d 420, 423–24 (7th Cir. 2011)).

As Plaintiff does not raise any argument related to the SSA's authority to issue regulations that apply to claims that are pending on or after the applicable date, any such argument was waived. Yet for completeness, the undersigned notes that S.S.R. 24-3p was not applied "retroactively" in this case, but rather to a claim that was "*pending* on or after the applicable date." S.S.R. 24-3p (emphasis added). Accordingly, the undersigned does not find that remand is required based on Plaintiff's first argument.

**B. Failure to Develop the Record**

Plaintiff next argues that "remand is required because the ALJ failed to develop the record by obtaining medical opinion evidence." Pl.'s Brief [DE-9] at 6. Specifically, Plaintiff claims that "where, as here, the state agency medical sources found 'insufficient evidence' to assess [Plaintiff's] impairments and limitations," the ALJ had "an independent duty to assist [Plaintiff] in developing the evidence of record, including by "contact[ing] a claimant's medical sources, request[ing] additional existing evidence, order[ing] a consultative examination, or seek[ing] evidence from others in order to resolve such an insufficiency." *Id.* at 6-7 (citing 20 C.F.R. § 404.1520b(b)(2)). The Commissioner does not address or mention Plaintiff's second argument

that the ALJ failed to develop the medical record in its brief at all. *See generally* [DE-11]. Rather, the Commissioner argues "Plaintiff alleges just one issue with the ALJ's decision, which fails to articulate any error in the ALJ's factfinding" and "Plaintiff's argument that the ALJ failed to 'resolve a conflict between the [DOT] and the vocational expert's testimony as to the impact of his admitted limitation in reaching overhead' is unconvincing." *Id.* at 2.

Plaintiff contends that his argument regarding the ALJ's failure to develop the record was plainly and unambiguously presented. Pl.'s Reply [DE-13] at 1. Plaintiff states it as one of *two* arguments under the header: "STATEMENT OF ERRORS" ([DE-9] at 2) and argues the issue from page 6 to page 12 of his brief (*see id.* at 6-12).

Numerous courts, including at least one in this circuit, have suggested that the Commissioner concedes an argument raised by a Plaintiff by failing to respond to it. *See Lloyd B. v. O'Malley*, No. 23-cv-5010, 2024 U.S. Dist. LEXIS 192000, at *10 (N.D. Cal. Oct. 22, 2024) ("The Commissioner does not respond to [Plaintiff's] argument in his motion and thus concedes it."); *Clemestine C. Berryhill*, No. 17-2314, 2019 U.S. Dist. LEXIS 10537, at *9 n.6 (D. Md. Jan. 23, 2019) ("Because Defendant did not respond to Plaintiff's argument in her motion for summary judgment, she apparently concedes the error."); *C.G. v. SSA Comm'r*, No. 25-cv-7397, 2026 U.S. Dist. LEXIS 123121, at *12 (N.D. Cal. June 3, 2026) ("The Commissioner waives—and thus concedes—an argument by failing to respond to a plaintiff's argument put forth in the plaintiff's motion.") (collecting cases); *Woodard v. Comm'r of Soc. Sec.*, No. 6:20-cv-1376, 2022 U.S. Dist. LEXIS 154669, at *10 (M.D. Fla. Jan. 28, 2022) ("The Commissioner did not address this issue, and therefore it is conceded."); *Faison v. Colvin*, 187 F. Supp. 3d 190, 194 (D.D.C. 2016) (finding the Commissioner failed to respond to two of Plaintiff's claims and therefore conceded them); *Blaze J. v. Comm'r of SSA*, No. cv-24-2251, 2025 U.S. Dist. LEXIS 188602, at *5 (D. Ariz. Sept.

25, 2025) ("The Commissioner does not address or dispute this interpretation of the pertinent regulations, conceding the issue for purposes of this case."); *Tammy F. v. Bisignano*, No. 1:25-cv-3106, 2026 U.S. Dist. LEXIS 35432, at *20 (E.D. Wash. Feb. 20, 2026) ("Defendant's brief does not address Plaintiff's argument with respect to her migraine headaches. Accordingly, the Court finds Defendant has conceded the ALJ erred at step two with respect to Plaintiff's migraine headaches.").

Yet it would be inappropriate to remand a case based on an argument that was plainly meritless. *See April R. D. v. Saul*, No. 2:20-CV-210, 2021 WL 3260072, at *8 (E.D. Va. June 29, 2021) ("While the Court generally decides appeals under the Social Security Act by considering the issues raised and argued in [the parties'] brief[s], the Court cannot ignore 'obvious and prejudicial errors, even if the litigants did not identify and debate them.'" (quoting *Ricks v. Comm'r of Soc. Sec.*, No. 2:09cv622, 2010 WL 6621693, at *7 n.7 (E.D. Va. Dec. 29, 2010))), *report and recommendation adopted sub nom. April R. D. v. Saul*, No. 2:20-CV-210, 2021 WL 3215093 (E.D. Va. July 29, 2021)); *see also Farley v. Colvin*, 231 F. Supp. 3d 335, 339 (N.D. Cal. 2017) (finding that even when a party does not brief an argument, it does not "relieve the district court of its duty to make 'a full review of the facts' and an independent determination as to whether the [Commissioner's] findings are supported by substantial evidence.'" (alterations in original) (quoting *Stone v. Heckler*, 761 F.2d 530, 532 (9th Cir. 1985))).

In this case, Plaintiff testified at the administrative hearing before the ALJ that he had limitations in turning his head to the left or to the right due to "[b]oth restriction and pain"; he "[could not] take [his] elbows above [his] shoulders"; he "[could not] hold a pencil" and "[i]t's hard to open jars." Tr. 29-30.

In her decision, the ALJ opined that Plaintiff's "medically determinable impairments could

reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 18. The ALJ found that Plaintiff's "cervical radiculopathy and degeneration of cervical intervertebral disc are identified in the medical records, but do not cause disabling functional limitations." *Id.* The ALJ opined that "[w]hile [Plaintiff's] symptoms and impairments are severe, they are not disabling" and "[a]ll of these factors are consistent with the [RFC] assessment at less than medium exertion above." *Id.* The ALJ noted that both Nzingha White, M.D. and Eduardo Haim, M.D. found that the medical evidence was insufficient to assess consistency in Plaintiff's claim from the alleged onset date to the date last insured. *Id.* The ALJ explained that persuasiveness of these opinions "cannot be determined by the DDS medical evaluations because findings of 'insufficient' evidence are not opinions under the Regulations." Tr. 19.

Plaintiff's medical records document that he had a chronic condition of degeneration of cervical intervertebral and that Plaintiff complained of "moderately severe posterior neck pain as well as numbness in his hands and fingers." Tr. 301.

In evaluating a claim for disability, an "ALJ has a duty to explore all relevant facts and inquire into the issues necessary for adequate development of the record, and cannot rely only on the evidence submitted by the claimant when that evidence is inadequate." *See Richardson v. Kijakazi*, No. 4:20-CV-71-M, 2021 WL 3478211, at *7 (E.D.N.C. July 20, 2021) (quoting *Cook v. Heckler*, 783 F.2d 1168, 1173 (4th Cir. 1986)), *adopted by* 2021 WL 3476095 (E.D.N.C. Aug. 6, 2021). The Fourth Circuit has "long recognized that the administrative hearing process is not an adversarial one, and an ALJ has a duty to investigate the facts and develop the record independent

of the claimant or his counsel." *Pearson v. Colvin*, 810 F.3d 204, 208-09 (4th Cir. 2015) (citing *Cook*, 783 F.2d at 1173-74); *see also Sims v. Apfel*, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate the facts and develop arguments both for and against granting benefits."); *Harrell*, 2008 WL 858771, at *11 ("The failure of plaintiff to obtain and present the records does not exonerate the ALJ from carrying out her duty to adequately develop the record.").

"Where the ALJ fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980). "[T]his 'duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.'" *Honeycutt v. Kijakazi*, No. 5:20-CV-438-RJ, 2022 WL 708523, at *9 (E.D.N.C. Mar. 9, 2022) (quoting *Baysden v. Colvin*, No. 4:12-CV-303-FL, 2014 WL 1056996, at *9 (E.D.N.C. Mar. 18, 2014)); *see also Burgess v. Comm'r of SSA*, No. 9:16-3037-PMD-BM, 2017 U.S. Dist. LEXIS 219250, at *22 (D.S.C. Nov. 6, 2017) ("[T]he ALJ is not required to order that a claimant undergo a consultative examination unless 'the evidence as a whole is insufficient to support a decision.'") (quoting *Bishop v. Barnhart*, 78 F. App'x 265, 268 (4th Cir. 2003)).

"[T]he ALJ's duty to develop the record 'does not permit a claimant, through counsel, to rest on the record—indeed, to exhort the ALJ that the case is ready for decision—and later fault the ALJ for not performing a more exhaustive investigation." *Honeycutt*, 2022 WL 708523, at *9 (quoting *Maes v. Astrue*, 522 F.3d 1093, 1097 (10th Cir. 2008)); *see also White v. Colvin*, No. 5:12-CV-757-RN, 2015 WL 1438747, at *9 (E.D.N.C. Mar. 27, 2015); *Gatling v. Astrue*, No. 2:11-CV-

21-FL, 2012 WL 4359435, at *7 (E.D.N.C. June 28, 2012), *memorandum and recommendation adopted by*, 2012 WL 4357013 (E.D.N.C. Sept. 21, 2012).

"To merit remand, the failure to develop the record must be prejudicial to the claimant." *Marsh*, 632 F.2d at 300. "'To establish prejudice, a claimant must demonstrate that he or she could and would have adduced evidence that might have altered the result.'" *Schaller v. Colvin*, No. 5:13-CV-334-D, 2014 WL 4537184, at *8 (E.D.N.C. Aug. 18, 2014) (quoting *Carey v. Apfel*, 230 F.3d 131, 142 (5th Cir. 2000) (internal quotation & citation omitted)), *mem. & recomm. adopted*, 2014 WL 4537184, at *2 (Sept. 11, 2014). "'Mere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand.'" *Id.*, 2014 WL 4537184, at *8 (quoting *Binion v. Shalala*, 13 F.3d 243, 246 (7th Cir. 1994)).

Plaintiff argues "[t]he ALJ is responsible for creating a complete medical record before making a disability determination" ([DE-9] at 9) and "[t]he ALJ's duty to develop is particularly important where, as here, the state agency medical sources found 'insufficient evidence' to assess [Plaintiff's] impairments and limitations" (*id.* at 7). Plaintiff contends "[i]n this case, both state agency experts determined that there was insufficient evidence to make a determination as to [Plaintiff's] disability." *Id.* (citing Tr. 57-60, 62-65). Ostensibly to counter any argument that the paucity of evidence resulted from Plaintiff's lack of cooperation in the process, Plaintiff notes that both state agency medical sources documented that "Claimant Cooperated." *Id.* (citing Tr. 60, 65). Plaintiff argues that "rather than seek the opinion of an appropriate medical professional, the ALJ improperly relied on her own lay perception of the medical evidence to devise an RFC." *Id.* at 8.

As a general rule, "an RFC 'is an administrative assessment made by the Commissioner based on all the relevant evidence in the case record,' and an ALJ is 'not required to obtain an expert medical opinion as to [a claimant's] RFC.'" *Squires v. Comm'r of Soc. Sec.*, No. 23-cv-296-

ABA, 2024 U.S. Dist. LEXIS 28962, at *8 (D. Md. Feb. 20, 2024) (alteration in original) (quoting *Felton-Miller v. Astrue,* 459 F. App'x 226, 230-31 (4th Cir. 2011)). Yet here, the undersigned finds that there "is ambiguous evidence [and] . . . the record is inadequate to allow for proper evaluation of the evidence.'" *See Honeycutt*, No. 5:20-CV-438-RJ, 2022 WL 708523, at *9. Specifically, the little medical evidence available appears to provide some support for Plaintiff's subjective limitations. Yet beyond the conclusory statements noted above, the ALJ does not explain how the medical records were sufficient to support the assessed RFC or why Plaintiff's claims of greater limitations were inconsistent with the medical evidence and other evidence in the record.

Therefore, the undersigned recommends the court exercise its discretion to find the Commissioner has conceded this argument, especially considering the undersigned finds Plaintiff's argument is not meritless on its face. Accordingly, the undersigned RECOMMENDS remand on this issue. On remand, the ALJ should either (i) develop the record, through a consultative examination or otherwise, in order to ensure the record is clear; or (ii) clearly explain why such further development is not necessary and how the present evidence in this case supports her findings.

## VII. CONCLUSION

For the reasons stated above, IT IS RECOMMENDED that Plaintiff's brief [DE-9] be ALLOWED, Defendant's brief [DE-11] be DENIED, and the case be REMANDED to the Commissioner for further proceedings consistent with the Memorandum and Recommendation.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until **September 16, 2026**, to file written objections to this Memorandum and Recommendation. The presiding district judge must conduct his own review (that is, make a de novo determination) of those portions of

the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. Any response to objections shall be filed by the **earlier of 7 days from the filing of the objections or September 21, 2026**.

**If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, this 10th day of September, 2026.

Brian S. Meyers
United States Magistrate Judge